### JEAN BOURBON *v.* LEWIS CASTERA èt al.

Action against three defendants to annul a will and for damages. Each filed an exception that there was a misjoinder of actions. C. specially excepted on the ground that his co-defendants were made parties for the purpose of depriving him of their testimony. The exceptions were sustained, as to the co-defendants, and the suit dismissed as to them—but the plaintiff's right to proceed against C. was maintained. Plaintiff appealed—and on motion to dismiss the appeal because C. had not been made a party to it—it was *Held:* that C. should have been made a party. The dismissal of his co-defendants from the suit is a judgment which he has the greatest interest in maintaining, as he specially excepted that they were made parties in order to deprive him of their evidence. Appeal dismissed.

APPEAL from the Second District Court of New Orleans, *Lea,* J.

BUCHANAN, J. (VOORHIES, J. dissenting.) The plaintiff is appellant from a judgment which dismisses his suit as to the defendants *Arthur Fleming* and *Felix Percy.*

A motion to dismiss the appeal is made on the ground that *L. Castera,* the principal defendant, and the most interested party in the maintenance and affirmance of the judgment appealed from, has not been made a party to the present appeal.

The appeal was by motion : and the appeal bond is made in favor of *Fleming* and *Percy,* their executors, administrators and assigns.

It is necessary, for the purpose of understanding the merits of this application, to state the nature of the suit, and the pleadings in the cause.

This suit has a double object : to annul a nuncupative testament by authentic act for want of a disposing mind and capacity in the testator and of legal formalities ; and also to recover damages from the universal legatee, and from the notary and witnesses who drew and subscribed the will, *in solido,* for illegal actings and doings in the premises.

To the petition, which contained this prayer for cumulative remedies, exceptions were filed, severally, by all the defendants who have been cited, namely,

BOURBON
*v.*
CASTERA ET AL.

the universal legatee *Louis Castera*, the notary *Felix Percy*, and one of the subscribing witnesses of the will, *Arthur Fleming*. Each of these parties excepted that there is a misjoinder of actions—that the action for damages is premature—and that the plaintiff is not the heir at law and next of kin, as he pretends, but an officious intermeddler. In addition to these exceptions, *Louis Castera* specially charges and excepts that the plaintiff had made his co-defendants parties defendant herein, for the purpose of depriving him of the testimony of the persons thus illegally made defendants.

All the exceptions came on regularly for trial at the same time in the Court of the first instance, and were tried and submitted for decision together.

The judgment is in the following words : " The Court having duly considered the exceptions filed by the defendants to plaintiff's petition, for the reasons assigned in the written opinion, this day delivered and on file, it is ordered, adjudged and decreed, that the exceptions filed herein by *Arthur Fleming* and *Felix Percy* be maintained, and that so far as relates to said defendants the suit be dismissed. It is further ordered, that the right of the plaintiff to proceed in the said suit as against the defendant *Castera* alone, be maintained."

It appears to us, that *Castera* should have been made a party to the appeal. It is very evident that the dismissal of his co-defendants from the suit, is a judgment which he has the greatest interest in maintaining. He makes it a special ground of exception that he needs the evidence of his co-defendants upon the matters tending to the annulling of the will, which is an issue that concerns himself alone; and that he is in danger of losing the benefit of that evidence, by the cumulation of distinct causes of action and the joinder of distinct liabilities and defendants, which this petition contains.

The judgment appealed from must be viewed as much the property of *Castera*, (Code of Practice, art. 548,) as of *Fleming*, or of *Percy*.

Appeal dismissed, with costs.

VOORHIES, J. (dissenting.) This suit is instituted by the plaintiff as sole heir of *Jacques Germain Thierry*, who died in New Orleans about the 16th of March, 1852. The action is founded principally on the allegation, that the succession of the deceased is withheld from the plaintiff in consequence of the unlawful combination and contrivance of the defendants *Louis Castera*, *Felix Percy*, *Jean Crevolin*, *Joseph Nicolas* and *Arthur Fleming ;* the first, the instituted heir, the second, the notary, and the three last named, the witnesses to a pretended will, made in favor of *Castera*, by virtue of which the latter took possession of said succession, worth upwards of $20,000. The plaintiff avers, that said will was made at a time when the deceased was mentally and physically incapable of making a will, of which the defendants were aware. He, therefore, prays that the will be declared null—that *Castera* surrender the succession, and that all the defendants be condemned to pay him, *in solido*, the sum of $5000 for their illegal acting in the premises.

This action was met in the District Court by exceptions on the part of *Castera, Percy* and *Fleming*, in which they averred, in substance, that *Castera* was the only party in interest against whom the action to annul the will of the deceased could be legally brought, the plaintiff having maliciously and fraudulently made the others parties for the purpose of depriving him of their testimony—that the plaintiff had joined two distinct causes of action against several defendants, when it was apparent, from his own showing, that *Castera* was alone interested in the first pretended cause of action, in which the other de-

fendants had no legal interest whatever; and that the second alleged cause of
action could not, at any rate, be prosecuted until the first, for the nullity of the
will, was determined, &c. The exceptions were filed separately. The plaintiff
is appellant from a judgment sustaining the exceptions of *Percy* and *Fleming*.

The judgment is in these words: "Each of the defendants except to the
petition filed herein, on the ground that distinct causes of action cannot be
urged against different defendants in the same suit. The nullity of the will
has no necessary connection with the claim for damages so far as all of the de-
fendants, except *Castera*, are concerned, and the principle on which the excep-
tion rests appears to me correct. The Court, having duly considered the ex-
ceptions filed by the defendants to plaintiff's petition, for the reasons assigned
in the written opinion this day delivered and on file, it is ordered, adjudged and
decreed, that the exceptions filed herein by *Arthur Fleming* and *Felix Percy*
be maintained, and that, so far as relates to the said defendants, the suit be
dismissed. It is further ordered, that the right of the plaintiff to proceed in
said suit, as against the defendant *Castera* alone, be maintained."

The appeal bond is in favor of *Fleming* and *Percy*.

The appellees have filed a motion to dismiss this appeal, on the ground that
*Castera*, who has an interest in maintaining this judgment, has not been joined
or made a party to the appeal. In support of the motion, the appellees rely on
the cases reported in 9 L. R. 473; 12 ibid, 475; 12 R. R. 180; 5 Ann. 174;
4 ibid, 577; and on the case of *Cousin* v. *Blanc*, Opinion Book, No. 23, p. 159.
In those cases, it is said, that the principle recognized as our settled practice
and jurisprudence is, that the appellate Court will invariably refuse to take
cognizance of an appeal, and will dismiss it, whenever it shall appear that all
the parties having an interest in the maintenance of the judgment, are not be-
fore the Court. It is urged, that *Castera* has an interest in the affirmance of
the judgment appealed from, *because it secures to him the advantage of a separ-
ate and distinct trial from the notary and the witnesses*, and is the only party
that would really suffer by the reversal of the judgment, *as he would be de-
prived of his best, if not sole* evidence in the case—that of the notary and
witnesses.

The action, in this case, is clearly an action founded on an offence, or quasi-
offence, under the provisions of articles 2294 and 2304 of our Code. In an or-
dinary action to annul a will in relation to the incapacity of the testator, arising
from mental infirmity, or other causes, I apprehend the argument of the ap-
pellees' counsel would have much weight. But does it apply in the present
case, where the instituted heir, the notary, and the witnesses are all charged
with collusion *in making the pretended will?* I cannot think so. Though it
may be considered a great hardship by the party to be deprived of the testi-
mony of his co-defendants, yet, from the very nature of the transaction or col-
lusion charged against him, it seems to me, that their interest in the subject
matter must be considered identical, and such as to exclude the testimony of
one in favor of the other. The action being one purely of *tort*, where all the
parties are bound *in solido* for the damages resulting therefrom, it follows,
therefore, that none of them should be discharged from the action. I am un-
able to concur in the opinion of the District Court, that two separate and dis-
tinct causes of action are embraced in the plaintiff's petition. I consider a col-
lusion in making a false will as constituting the cause of action, and the dama-
ges merely the consequence of the act perpetrated. If the act be declared to

49

be the production of fraud and collusion, it also follows as a consequence, that the party who holds the property under it, is bound to surrender it. Thus it appears to me that the damages and the surrender of the succession, are matters which are incidental to the principal action. As fraud or collusion is never presumed, except in certain specified cases, and this is not one of them, but must be supported by proof, it is clear that if the plaintiff fails to make good his allegations, by legal and competent proofs, no injury whatever can result to the appellees. I do not consider a prosecution of the notary under the Act of the 7th of June, 1806, as a necessary pre-requisite to the right of action in this case.

Tested according to the principles which I have advanced, ought the motion in this case to prevail?

It is necessary, in the first place, to inquire whether there is any judgment in favor of, or against *Castera*; and, in the second, if so, what is the nature of the interest which he has acquired under it. It is clear that *Castera*, so far as his pecuniary liability is concerned, cannot be affected either by the affirmance or reversal of the judgment. Having assumed, by his exception, the whole liability, it appears to me quite immaterial whether, in that respect, the appellees be joined again in the action with him. But it is urged, that *Castera* has acquired a right under the judgment to the benefit of the testimony of the appellees.

The question presented then is, whether the interest, or benefit, acquired by *Castera*, under the judgment, is such as to require him to be made a party to the appeal. The cases on which the appellees rely for success, do not, in my opinion, bear them out. There is no doubt but what the rule is clearly settled, that all the parties must be cited, or made parties to the appeal, who have an interest to maintain in the judgment which is sought to be reversed or amended. But that interest, in my opinion, means such an interest as the party has in the subject-matter in dispute, and not to extraneous circumstances, or such an interest or benefit as *Castera* expects to derive from the testimony of the appellees.

I am, therefore, of opinion that the appeal ought not to be dismissed.